**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10111 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-01183-NVW-1 |
| v. | |
| MARCELINO PORTILLO-RIVERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted October 18, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and WALLACE and CALLAHAN, Circuit Judges.

Marcelino Portillo-Rivera was convicted pursuant to a conditional guilty plea of one count of being an illegal alien in possession of a firearm. On appeal, he

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asserts that his statements and the photographs found on his cell phone should have been suppressed because the *Miranda* warnings were inadequate and he did not waive his right to counsel. We affirm.[1]

The denial of a motion to suppress is reviewed de novo, but the factual findings underlying the district court's decision are reviewed for clear error. *United States v. Brobst*, 558 F.3d 982, 995 (9th Cir. 2009); *United States v. Perez-Lopez*, 348 F.3d 839, 844 (9th Cir. 2003).

**1.** The district court's determinations that Portillo-Rivera was given *Miranda* warnings and understood them is supported by the record. Portillo-Rivera was given Miranda warnings in the field and again when he arrived at the Border Patrol station, and he signed a form stating that he had been given a *Miranda* warning. Portillo-Rivera's testimony in the district court does not show any sign of confusion as to his *Miranda* rights.

**2.** The district court's determination that Portillo-Rivera did not invoke the right to counsel with the clarity necessary to prohibit further questioning is also sound. The record supports the district court's findings that Portillo-Rivera "asked whether he would still be able to have an attorney during trial if he talked with the

---

[1] As the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

Border Patrol agents" and that Portillo-Rivera did not unambiguously request an attorney. The government met its burden of clarifying Portillo-Rivera's statements regarding his right to counsel. Agents asked if Portillo-Rivera wished to speak without an attorney present and informed him that he could invoke his right to counsel at any time by asking for an attorney. *See United States v. Rodriguez*, 518 F.3d 1072, 1080 (9th Cir. 2008).

**3.** Portillo-Rivera's remaining contentions do not merit relief. Even if Agent Peterson's testimony as to what Portillo-Rivera said might be considered hearsay, it would be admissible. *See United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial."). Finally, the record belies Portillo-Rivera's assertions that there was insufficient evidence "to satisfy the Government's burden to prove waiver," and that the district court erroneously shifted the burden of proof to Portillo-Rivera. The government supported its assertion that Portillo-Rivera had waived his *Miranda* right with testimony from agents Peterson, Kinnally, Berger, and Halaby, and the district court specifically stated that the government had the burden of proof.

The district court's denial of Portillo-Rivera's motion to suppress, the judgment of conviction, and the sentence, are **AFFIRMED**.

3